IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02305-STV

TAMMY MARTIN and
BARRY MARTIN,
individually and on behalf of their minor children
Minor Child N and Minor Child J,

    Plaintiffs,

v.

CHINESE CHILDREN ADOPTION INTERNATIONAL,

    Defendant.

___

**ORDER**
___

Entered By Magistrate Judge Scott T. Varholak

    This matter is before the Court on Defendant Chinese Children Adoption International's Motion to Dismiss (the "Motion"). [#22] The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##16, 18] The Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

I.   **BACKGROUND**[1]

Plaintiffs Tammy and Barry Martin decided to adopt children after their biological children had reached adulthood. [#21 at ¶ 20] In March 2014, the Martins adopted Minor Child N ("N") from China through Bethany Christian Services. [*Id.* ¶ 22] The adoption of N was a positive experience for the Martins and for N, and the Martins decided to adopt another child as a sibling for N. [*Id.* at ¶ 23] The Martins wanted to adopt another child from China due to their knowledge of the adoption process there, and the racial affinity that would be shared between N and the second adopted child. [*Id.* at ¶ 24]

On September 18, 2015, the Martins adopted minor child L ("L") through Defendant Chinese Children Adoption International ("CCAI"). [*Id.* at ¶¶ 25, 29] CCAI is an adoption agency that matches "waiting children" with applicants for a fee. [*Id.* at ¶¶ 12-13] A waiting child is a child that has been evaluated by the agency, and can be matched and subsequently adopted by a prospective adoptive applicant. [*Id.* at 2 n.1] CCAI provides certain information on a waiting child to the applicant, including photographs, a physical examination, medical information relating to the child's condition, if available, basic developmental information, and background information from the orphanage, based on the child's personality, preferences, history in the orphanage, and daily routine. [*Id.* at ¶ 16] CCAI explained on its website that waiting children "range in age from about 1 year to 13 years at the time of match." [*Id.* at ¶ 17]

---

[1] The facts are drawn from the allegations in Plaintiffs' First Amended Complaint and Jury Demand [#21], which must be taken as true when considering a Rule 12(b)(6) motion to dismiss. *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

CCAI represented to the Martins that L's birthday was July 3, 2003, and that he was 12 years old at the time of adoption. [*Id.* at ¶¶ 26, 52] L was in fact at least 15-16 years old. [*Id.* at ¶ 27] L joined the household on September 25, 2015. [*Id.* at ¶ 30]

Within one month of L moving into the Martin house, N began to display numerous physical symptoms. [*Id.* at ¶ 31] N's hair began to fall out, he had a bloody stool, he stopped eating, and he was continually upset, crying, and banging his head. [*Id.*] N ultimately went bald at the age of 5. [*Id.* at ¶ 32] N would also run into the Martins' bedroom during the night to get into bed with them. [*Id.* at ¶ 38]

After the adoption of N and L, the Martins sought to adopt a child with special needs. [*Id.* at ¶ 33] In January 2016, the Martins finalized the adoption of Minor Child J ("J") through CCAI. [*Id.* at ¶ 36] After beginning to live with the Martins, J would wake up screaming and crying. [*Id.* at ¶ 37] J complained of pain in his buttocks. [*Id.* at ¶ 39] The Martins believed the pain was a result of J's abuse at a Chinese orphanage, but J later developed viral warts around his anus. [*Id.* at ¶¶ 39-40]

The Martins discovered that L's alarm would go off every night at 3 a.m., at which time L would rape his adoptive brothers. [*Id.* at ¶¶ 41-42] The Martins confronted L, who admitted to the abuse. [*Id.* at ¶ 43] On March 19, 2016, the Martins took L to a behavior center, where L told his therapist that he had strong sexual urges that he could not control, and that he would continue the abuse of his adoptive brothers if given the chance. [*Id.* at ¶¶ 44-45] The Martins also learned that L had been raped and prostituted at the orphanage he was adopted from in China, that L had been removed from foster care in China for sexually acting out with another child at the age of 5 or 6, that L admitted to

3

being sexually active with children and adults while in China since the age of 11, and that L had a pattern of sexually exploiting multiple children. [*Id.* at ¶¶ 47, 61-65]

In March 2016, L was charged with two counts of sexual battery and sent to a juvenile detention center. [*Id.* at ¶ 46] While housed in juvenile detention, L underwent a psychosexual assessment by a counseling service, which revealed that L was at a high risk of reoffending, and was in need of specialized residential therapy for his sexually maladaptive behaviors. [*Id.* at ¶¶ 67-68]

The Martins were forced to sell their home and move across the country in an effort to help N and J cope with the abuse they had suffered, including moving away from the traumatic memories associated with the home. [*Id.* at ¶¶ 72-73] The Martins lost their health care business, and both N and J have post-traumatic stress disorder ("PTSD"), attachment disorder, and numerous other mental and physical health conditions, including irritability, sleep disturbance, rage, and anxiety. [*Id.* at ¶¶ 74-78]

The Martins have also incurred unexpected health costs related to J's medical conditions. [*Id.* at ¶ 82] During the adoption process, CCAI represented that J had a diagnosis of hydrocephalus and cerebral palsy. [*Id.* at ¶ 79] In actuality, J had undergone massive brain surgery in March 2011. [*Id.* at ¶ 80] In 2018, Ms. Martin contacted a non-profit based in Hong Kong that supports Chinese orphans needing medical care and support and was informed that J previously had a brain tumor. [*Id.* at ¶ 81] CCAI explicitly told the Martins that J's scar was not from brain surgery. [*Id.* at ¶ 100]

The Martins, individually and on behalf of N and J, filed the instant action on August 13, 2019. [#1] Plaintiffs filed the operative First Amended Complaint and Jury Demand (the "Amended Complaint") on October 29, 2019. [#21] Plaintiffs assert the following

claims: (1) a negligence claim and negligent misrepresentation claim[2] by all Plaintiffs against CCAI, based on CCAI's alleged failure to provide accurate information about L and for misrepresenting his age; (2) a negligence and negligent misrepresentation claim by the Martins and J against CCAI, for CCAI's failure to inform the Martins that J had undergone brain surgery; (3) a fraud claim by all Plaintiffs against CCAI, alleging that CCAI intentionally misrepresented L's age; and (4) a negligent infliction of emotional distress claim by all Plaintiffs against CCAI. [#21 at 9-11] Plaintiffs seek compensatory damages and injunctive relief requiring CCAI to implement protocols to "stop the disregard of the safety of client[]s and their families," among other relief. [*Id.* at 12] CCAI filed the instant Motion on November 12, 2019, arguing that the Amended Complaint should be dismissed in its entirety pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). [*See generally* #22] Plaintiffs have filed a response [#29] and CCAI has filed a reply [#30].

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the

---

[2] Although not pled as a separate claim, the Amended Complaint makes clear that Plaintiffs are alleging negligent misrepresentation claims, in addition to negligence claims, with respect to CCAI's alleged misrepresentations as to both L and J. [*See, e.g.*, #21 at ¶ 26 ("CCAI represented to the Martins that Minor Child L was twelve years old."); *id.* at ¶ 50 (same); *id.* at ¶¶ 100-01 (alleging that CCAI informed the Martins that J's scar was not from brain surgery, and that this "misrepresentation has caused the Martins to incur financial losses")] Plaintiffs concede in their Response that the "negligent misrepresentation claims should have been pled separately from [their] general negligence counts and the details more specifically described." [#29 at 15]

5

plaintiff." *Cassanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath or conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556).  The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

### III. ANALYSIS

CCAI argues that each of Plaintiff's claims, (1) negligence, (2) negligent misrepresentation, (3) negligent infliction of emotional distress, and (4) fraud, must be dismissed with prejudice.  [*See generally* #22]  The Court addresses each claim in turn.

#### a. Negligence Claims

CCAI argues that Plaintiffs' negligence claims fail in their entirety.  With respect to CCAI's purported negligence in representing L's age, CCAI argues that the Martins'

claims are barred by the statute of limitations, that CCAI owed no legal duty to Plaintiffs, and that Plaintiffs fail to plausibly plead that any negligence by CCAI was the proximate cause of Plaintiffs' damages. [#22 at 5-8, 9-10] As to CCAI's alleged negligence in its representations about J's medical background, CCAI contends again that CCAI owed no legal duty to Plaintiffs, and regardless, Plaintiffs failed to plausibly plead breach of any such duty.[3] [#22 at 5-8, 11] Because Plaintiffs have failed to plausibly plead proximate causation as to the negligence claim regarding L's true age, and have failed to plausibly allege breach as to J's medical background, the Court declines to address CCAI's alternative arguments.[4,5]

---

[3] CCAI argues that it did not breach any duty of reasonable care in determining J's medical background in the context of its argument for dismissal of the negligent misrepresentation claim, but indicates that this argument also applies to the negligence claim. [#22 at 11; #30 at 6]

[4] Because the Court sits in diversity, it applies Colorado law. *Wade v. EMASCO Ins. Co.*, 483 F.3d 657, 665-66 (10th Cir. 2007). As CCAI notes, in a nonfeasance case, where the defendant is alleged to have failed to act, Colorado courts have only recognized a legal duty owed to a plaintiff in six specified types of relationships, including common carrier/passenger, innkeeper/guest, possessor of land/invited entrant, employer/employee, parent/child, and hospital/patient—none of which are present here. *N.M. by & through Lopez v. Trujillo*, 397 P.3d 370, 374 (Colo. 2017). The Court need not wade into the uncertain territory of whether the Colorado Supreme Court would extend the special relationship doctrine in the context currently before the Court. First, Plaintiffs' claims, as CCAI recognizes, are not solely premised on CCAI's alleged failure to act, but also on CCAI's affirmative actions in the form of purported misrepresentations. [*See* #22 at 7 n.3] Second, Plaintiffs' claims fail irrespective of any legal duty, as discussed below.

[5] CCAI argues throughout its Motion that the Martins' claims with respect to any misrepresentation of L's age by CCAI are time-barred. [*See generally* #22] In Colorado, "[t]he critical inquiry of when an action accrues is knowledge of the facts essential to the cause of action, not knowledge of the legal theory upon which the action may be brought." *Myers v. Healthmarkets, Inc.*, No. 08-cv-01533-CMA-CBS, 2009 WL 1292828, at *3 (D. Colo. May 8, 2009) (quoting *Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 854 (Colo. App. 2007)). Specifically, CCAI contends that the Martins should have been on notice of L's age, at the latest, by March 19, 2016, when they took L to a behavioral center for an evaluation. [*Id.* at 10 (citing #21 at ¶¶ 43-44)] But nothing in the Amended Complaint suggests that the behavioral evaluation revealed L's true age, or otherwise put the Martins on notice that L was two to three years older than CCAI had represented.

7

"To recover on a negligence claim, a plaintiff must establish that (1) the defendant owed the plaintiff a legal duty of care; (2) the defendant breached that duty; (3) the plaintiff was injured; and (4) the defendant's breach caused that injury." *N.M. by & through Lopez v. Trujillo*, 397 P.3d 370, 374 (Colo. 2017). A plaintiff's damages are limited to damages that are "the natural and probable result of the injury sustained by virtue of the tortious act." *Vanderbeek v. Vernon Corp.*, 50 P.3d 866, 872 (Colo. 2002) (quotation omitted). That is, the damages must be reasonably foreseeable. *See id.* "The exact or precise injury need not have been foreseeable, but it is sufficient if a reasonably careful person, under the same or similar circumstances would have anticipated that injury to a person in the plaintiff's situation might result from the defendant's conduct." *Id.* (quoting C.J.I.-Civ.3d 9:30). Though damages from negligence have multiple causes, "the chain of causation . . . may be so attenuated that no proximate cause exists as a matter of law." *Boulders at Escalante LLC v. Otten Johnson Robinson Neff & Ragonetti PC*, 412 P.3d 751, 762 (Colo. App. 2015) (quotation omitted).

---

While the allegations in the Amended Complaint do suggest that the Martins would have been on notice of L's maladaptive sexual behavior and abuse of his adoptive brothers at that point [#21 at ¶¶ 41-45], the Martins' claims appear to be premised not on any statements or representations made by CCAI as to L's medical and sexual history, but instead on CCAI's representations about L's age. Nor can the Court speculate, as CCAI suggests, that the Martins "would have been objectively aware" of L's age at the time L entered the household in September 2015. [#22 at 10] Courts are reluctant to dismiss complaints on statute of limitations grounds because "[w]hether a particular claim is time barred presents a question of fact and may only be decided as a matter of law when 'the undisputed facts clearly show that the plaintiff had, or should have had the requisite information as of a particular date.'" *Myers*, 2009 WL 1292828, at *3 (quoting *Wagner v. Grange Ins. Ass'n*, 166 P.3d 304, 307 (Colo. App. 2007)). The Court cannot make such a finding on the facts here. Finally, the Court notes that Plaintiffs' arguments with respect to the statute of limitations as to N and J are inapposite [#29 at 2-5], as CCAI does not contend that N and J's claims should be dismissed on statute of limitations grounds [*see generally* #22].

Applied here, Plaintiffs have not plausibly pleaded that CCAI's misrepresentations about L's true age proximately caused the tragic abuse of N and J. Plaintiffs simply allege that if "CCAI had accurately represented Minor Child L[']s age, the Martins would not have adopted him." [#21 at ¶ 54] In their Response to the Motion, Plaintiffs reiterate that if CCAI had accurately represented L's age, the Martins would not have adopted L, and L would not have raped N and J. [#29 at 11] But these statements go to actual, or "but for" cause—not proximate cause. Plaintiffs allege no facts suggesting it would have been reasonably foreseeable to CCAI that its failure to properly represent L's age would have resulted in L raping his adoptive siblings. The chain of causation between CCAI stating that L was two to three years younger than his actual age, and L's subsequent abuse of his siblings, is too attenuated.[6] Moreover, as to any negligence claims by J for CCAI's misrepresentation of L's age, J was not yet adopted at the time L entered the household, and therefore any harm suffered by J as a result of misinformation about L's age was not reasonably foreseeable.[7] [*See* #21 at ¶¶ 29-30, 36]

---

[6] Plaintiffs also allege that CCAI "knew or should have known that the orphanage Minor Child L was adopted from had a reputation for prostituting the children in its care to adults." [#21 at ¶ 55] But Plaintiffs do not support this assertion with any factual support. And again, Plaintiffs' claims against CCAI with respect to L appear limited to CCAI's purported misrepresentation of L's age. [*See generally* #21]

[7] CCAI also argues throughout its Motion that N and J cannot state a claim based on misrepresentations as to L's age, because those misrepresentations were made to the Martins, and not to N and J in particular. [#22 at 11-12, 13, 15] Though the Court agrees with respect to J, because he was adopted after L and after CCAI made statements about L's age, the Court is not convinced that the analysis is not more nuanced with respect to N. Defendant cites to case law contemplating misrepresentations made to unrelated third parties—not misrepresentations in the context of the unique relationship between the Martins and their adopted children here. On the other hand, the Court is also not persuaded by the dissenting opinion cited by Plaintiffs in a decades-old Colorado Supreme Court decision. [#29 at 12-14 (citing *Lininger v. Eisenbaum*, 764 P.2d 1202, 1215 (Colo. 1988) (Mullarkey, J. concurring in part and dissenting in part))] But the Court

As to the negligence claim premised on CCAI's representation of J's medical history, the Court agrees with CCAI that there are no supporting allegations demonstrating how CCAI failed to reasonably inquire into J's health, and thus Plaintiffs have failed to plausibly plead that CCAI breached any duty to Plaintiffs. [*See* #22 at 11] The Amended Complaint simply alleges that the Martins requested a child with special needs in 2015 [#21 at ¶ 33], and that CCAI represented that J had a diagnosis of hydrocephalus and cerebral palsy [*id.* at ¶ 79]. The Martins later determined that J had undergone brain surgery in 2011 [*id.* at ¶¶ 80-81], though CCAI had informed the Martins that J's scar was not from brain surgery [*id.* at ¶ 100]. Other than these conclusory statements, there are no factual assertions suggesting that CCAI knew or should have known that J had had brain surgery, or any other factual allegations with respect to CCAI's inquiries into J's health, or other actions that CCAI should have taken. In fact, the Amended Complaint suggests that CCAI at least made attempts in finding a child with special needs at the Martins' request, as CCAI determined that J had hydrocephalus and cerebral palsy. [*See id.* at ¶ 79] Plaintiffs also allege that the medical history of a child would only be provided by CCAI "if available." [*Id.* at ¶ 16] In short, Plaintiffs' allegations are simply too conclusory to plausibly plead that CCAI breached a duty to reasonably investigate J's health. *See, e.g.*, *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 564 n.10 (noting that a claim that does not mention a specific time, place, or person leaves a defendant with "little idea where to begin").

---

need not reach this issue because Plaintiffs' claims fail, regardless of whether N can state a claim based on misrepresentations made to his adoptive parents.

For the foregoing reasons, CCAI's Motion is **GRANTED** to the extent that it seeks dismissal of Plaintiffs' negligence claims. However, CCAI's Motion is **DENIED** to the extent it seeks dismissal with prejudice, and the negligence claims are **DISMISSED WITHOUT PREJUDICE**.[8]

### b. Negligent Misrepresentation Claims

CCAI next argues that Plaintiffs' negligent misrepresentation claims fail, including because those claims have not been pled with particularity. [#22 at 9, 10-11] To state a claim for negligent misrepresentation, a plaintiff must plausibly allege that the defendant "(1) supplied false information in a business transaction; (2) it failed to exercise reasonable care or competence in obtaining or communicating that information; and (3) [the plaintiff] justifiably relied upon the false information."[9] *Alpine Bank v. Hubbell*, 555

---

[8] Generally, "[b]y the time of a second amended complaint, it is often the case that pleading deficiencies . . . may be deemed irreparable, and the complaint will be dismissed with prejudice." *Dyer v. Lajeunesse*, No. 15-cv-02404-WJM-CBS, 2017 WL 262692, at *4 n.4 (D. Colo. Jan. 20, 2017). But here, Plaintiffs have filed only a single amended complaint, and have "never before received an opportunity to cure deficiencies identified by this Court." *Id.* And better pleading may cure the defects discussed herein, with the exception of any claims by J regarding CCAI's misrepresentation of L's age. Accordingly, the Court finds that the dismissal of the negligence claims should be without prejudice.

[9] The Colorado Supreme has not determined whether a negligent misrepresentation claim can be premised on an omission or nondisclosure. *See, e.g., Leprino Foods Co. v. DCI, Inc.*, 727 F. App'x 464, 472 n.5 (10th Cir. 2018) ("[I]t is unclear whether a claim for negligent nondisclosure is viable *at all* in Colorado."); *Aurzadniczek v. Humana Health Plan, Inc.*, No. 15-cv-00146-RM-KMT, 2016 WL 9735775, at *4 (D. Colo. Feb. 23, 2016) ("The Colorado Supreme Court has never adopted a claim for negligent non-disclosure or negligent omission as distinct from negligent affirmative misrepresentations or fraudulent omission or concealment."), *recommendation adopted in part, rejected in part on other grounds*, 2016 WL 1266972 (D. Colo. Apr. 1, 2016); *Scott v. Honeywell Int'l Inc.*, No. 14-cv-00157-PAB-MJW, 2015 WL 1517527, at *11 n.10 (D. Colo. Mar. 30, 2015) ("It is not entirely clear that plaintiff can maintain a negligent misrepresentation claim based upon defendant's omissions." (collecting cases)); *Sheffied Servs. Co. v. Trowbridge*, 211 P.3d 714, 725 (Colo. App. 2009) (noting that whether Colorado law even recognized a claim of negligent nondisclosure is uncertain, but assuming without deciding that it did), *overruled on other grounds by Weinstein v. Colborne Foodbotics, LLC*, 302 P.3d 263

F.3d 1097, 1106 (10th Cir. 2009) (quoting *Campbell v. Summit Plaza Assocs.*, 192 P.3d 465, 477 (Colo. App. 2008)).

Courts in this Circuit have held that when a plaintiff's negligent misrepresentation claims are grounded in fraud, those claims must meet the more stringent standards of Federal Rule of Civil Procedure 9(b), requiring a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see also Heaton v. Am. Brokers Conduit*, 496 F. App'x 873, 876 (10th Cir. 2012) (affirming district court's determination that plaintiff "fatally failed to plead his fraud and negligent misrepresentation claims with particularity as required by [Rule] 9(b)"); *Hardy v. Flood*, No. 17-cv-00677-CMA-MJW, 2018 WL 1035085, at *3 (D. Colo. Feb. 23, 2018) ("Any claim—including claims for breach of contract and negligent misrepresentation—may be subject to Rule 9(b)'s heightened pleading standard if the claim is grounded in fraud." (quotation omitted) (citing cases). To meet the particularity requirements of Rule 9(b), Plaintiffs must "set forth the time, place and contents of the false representation[s], the identity of the party making the false statements and the consequences thereof." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016) (quotation omitted)

Plaintiffs do not plead the alleged negligent misrepresentations with particularity here.[10] With respect to L's age, there are no allegations in the Amended Complaint describing which individual(s) made the statements regarding L's age. [*See* #21 at ¶ 26

---

(Colo. 2013). But Plaintiffs' negligent misrepresentation claims appear to be premised on affirmative misrepresentations—e.g., CCAI's statement that L was 12 years old, and CCAI's representations that J had hydrocephalus and cerebral palsy, and that J's scar was not a result of brain surgery. [*See* #21 at ¶¶ 50, 79, 100]

[10] Moreover, as noted above, Plaintiffs admit in their Response that their "negligent misrepresentations claims should have been pled separately from [their] general negligence counts and the details more specifically described." [#29 at 15]

("CCAI represented to the Martins that Minor Child L was twelve years old."); *id.* at ¶ 52 ("CCAI represented Minor Child L's birthday as July 3, 2003.")] Moreover, even applying the less stringent pleading standards of Federal Rule of Civil Procedure 8(a) under *Iqbal* and *Twombly*, Plaintiffs' negligent misrepresentation claim regarding L's age still fails. Plaintiffs include no allegations as to how CCAI "failed to exercise reasonable care or competence in obtaining or communicating" information about L's age. *Alpine Bank*, 555 F.3d at 1106. Plaintiffs' allegations only amount to conclusory statements that "[u]pon information and belief, CCAI was aware that Minor Child L was at least three to five years older than originally represented by CCAI at the time Martins adopted him." [#21 at ¶ 53; *see also id.* at ¶ 28 ("Upon information and belief, CCAI knew or should have known Minor Child L's approximate age.")] Again, such conclusory statements fail to state a claim. *See, e.g.*, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 564 n.10.

With respect to the alleged negligent misrepresentations regarding J's medical history, Plaintiffs' allegations also fail to satisfy the particularity requirements of Rule 9. The Amended Complaint includes no allegations as to who represented that J's scar was not from brain surgery, when that statement was made, or how CCAI otherwise explained J's scar when the Martins asked. [*See* #21 at ¶ 100] The negligent misrepresentation claim as to J's medical history also fails under the less stringent standards of Rule 8 because Plaintiffs do not include any factual detail explaining how CCAI failed to exercise reasonable care in determining and communicating that J "had a diagnosis of hydrocephalus and cerebral palsy." [*Id.* at ¶ 79] As discussed above, conclusory assertions that CCAI knew or should have known that J had undergone brain surgery

13

[*see id.* at ¶¶ 99-100] are insufficient. *See, e.g.*, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 564 n.10.

For the foregoing reasons, CCAI's Motion is **GRANTED** to the extent that it seeks dismissal of Plaintiffs' negligent misrepresentation claims. Because better pleading may cure the foregoing deficiencies, CCAI's Motion is **DENIED** to the extent it seeks dismissal with prejudice, and the negligent misrepresentation claims are **DISMISSED WITHOUT PREJUDICE**. *See supra* n.8; *Dyer v. Lajeunesse*, No. 15-cv-02404-WJM-CBS, 2017 WL 262692, at *4 n.4 (D. Colo. Jan. 20, 2017).

### c. Negligent Infliction of Emotional Distress Claim

CCAI contends that Plaintiffs cannot state a claim for negligent infliction of emotional distress ("NIED"), including because Plaintiffs have not stated a claim for negligence. [#22 at 14-15] The Court agrees.

Plaintiffs must plausibly plead the following elements in order to state an NIED claim: (1) CCAI's negligence created an unreasonable risk of physical harm; (2) that caused Plaintiffs to be put in fear for their own safety; and (3) that fear resulted in damages by causing physical consequences or long-term emotional disturbance. *Matthys v. Narconon Fresh Start*, 104 F. Supp. 3d 1191, 1206 (D. Colo. 2015). Plaintiffs' NIED claim appears to be premised on CCAI's purported negligence with respect to inaccurately representing L's age. [*See* #21 at 11] Because, as discussed above, Plaintiffs have failed to plausibly allege CCAI's negligence with respect to the representation of L's age, or otherwise, Plaintiffs cannot satisfy this threshold element of an NIED claim.

Accordingly, CCAI's Motion is **GRANTED** to the extent it seeks dismissal of Plaintiffs' NIED claim. Because better pleading may cure deficiencies with this claim, CCAI's Motion is **DENIED** to the extent it seeks dismissal with prejudice and the NIED claim is **DISMISSED WITHOUT PREJUDICE**. *See supra* n.8; *Dyer*, 2017 WL 262692, at *4 n.4.

### d. Fraud Claim

Finally, CCAI moves for the dismissal of Plaintiffs' fraud claim, including because Plaintiffs do not make any factual averments indicating that CCAI knew that it incorrectly represented L's age. [#22 at 13-14] To maintain a claim of fraud, the complaint must plausibly assert that: (1) the defendant made a false representation of a material fact; (2) the defendant knew the representation was false; (3) "the person to whom the representation was made was ignorant of the falsity"; (4) "the representation was made with the intention that it be acted upon"; and (5) "the reliance resulted in damage to the plaintiff." *Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1160 (Colo. 2013). Again, a fraud claim must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b).

Plaintiffs have not pleaded the foregoing elements with particularity, especially with respect to what individual(s) from CCAI made the statements about L's age, and how any representatives from CCAI knew that they had falsely represented L's true age. As discussed above, Plaintiffs allegations that CCAI knew L's approximate age "upon information and belief," and that CCAI deliberately led Plaintiffs to believe that L was approximately two to three years younger than his actual age, without any supporting facts, are completely conclusory and insufficient to state a claim. Moreover, because J

15

was not yet part of the Martin family when L was adopted and when the statements about L's age were made, Plaintiffs cannot demonstrate that CCAI falsely represented L's age to J.

Accordingly, CCAI's Motion is **GRANTED** to the extent it seeks to dismiss Plaintiffs' fraud claim. Because Plaintiffs, with the exception of J, may be able to state a fraud claim with better pleading, the Motion is **DENIED** to the extent it seeks dismissal of the fraud claim with prejudice, and that claim is **DISMISSED WITHOUT PREJUDICE**. *See supra* n.8; *Dyer*, 2017 WL 262692, at *4 n.4.

## IV. CONCLUSION

For the foregoing reasons, CCAI's Motion to Dismiss [#22] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent it seeks dismissal of Plaintiff's negligence, negligent misrepresentation, negligent infliction of emotional distress, and fraud claims. The Motion is **DENIED** to the extent it seeks dismissal with prejudice, and Plaintiffs' claims are **DISMISSED WITHOUT PREJDUICE**. Should Plaintiffs seek to cure the deficiencies identified in this Order, **Plaintiffs shall file a Second Amended Complaint on or before April 29, 2020.**

DATED: April 8, 2020                             BY THE COURT:

                                                                           s/Scott T. Varholak
                                                                           United Stated Magistrate Judge